KELLNER HERLIHY GETTY & FRIEDMAN, LLP

470 PARK AVENUE SOUTH, 7th FLOOR

NEW YORK, NEW YORK 10016

DOUGLAS A. KELLNER
CAROL ANNE HERLIHY
EUGENE F. GETTY
ALAN M. FRIEDMAN
JEANNE-MARIE WILLIAMS
THOMAS VANDENABEELE
CHARLES E. KRAUSCHE II
OLGA V. PETROVSKY
———
DERRICK M.NG
MICHELLE D. BAZINET
JAEMYUNG JAE LEE
MERIELEN DAL RI ZIVIANI°
EDI EBIEFUNG
BRENDAN SULLIVAN
AMAL YENILIEIEVA∝*
JACOB BROOKS*

TELEPHONE: (212) 889-2121
FACSIMILE: (212) 684-6224
efg@khgflaw.com
———

COUNSEL
MICHAEL H. SINGER
ROBERT P. MCGREEVY
HERMAN D. FARRELL III
NADA ABDELSATER λ
DMITRIY BOGORODSKIYφ

° Admitted in Brazil
Λ Admitted in Lebanon
φ Admitted in England and Wales and the Russian Federation
* Admission Pending
∝ Qualified in Ukraine

May 28, 2026

Hon. John P. Cronan
United States District Judge
500 Pearl Street
New York, NY 10007

Re: *In re Application of PT. Bank Woori Saudara Indonesia 1906, Tbk for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,* Case No. 25 Misc. 523 (JPC) (GS).

Dear Judge Cronan:

We represent Applicant PT. Bank Woori Saudara Indonesia 1906, Tbk ("Applicant").

Applicant filed its § 1782 application on November 18, 2025, seeking discovery in support of (i) ongoing proceedings before the Dubai Court of First Instance (UAE) against two defendants and (ii) contemplated proceedings in the UAE against four other defendants, which arise out of the same fraud scheme that caused Applicant financial losses exceeding $74 million. On December 2, 2025, the matter was referred to Honorable Gary Stein, who recommended that the application be granted in part and denied in part on February 17, 2026 (ECF 11). Applicant filed its partial objections to the Report and Recommendation on March 3, 2026 (ECF 12).

We respectfully inform the Court that while Applicant was awaiting a decision on the § 1782 application, a judgment has been issued in the ongoing proceedings in the UAE, before Applicant had the opportunity to obtain and submit evidence sought in New York to the Dubai Commercial Court of First Instance of the UAE. We are currently

awaiting a certified English translation of the judgment from Applicant's UAE counsel as well UAE counsel's analysis of the Dubai Court's findings.

Nevertheless, the judgment of the Dubai Court does not moot the § 1782 application because, as described in the application, BWS also seeks discovery in support of the contemplated proceedings in the UAE against four other defendants. In this regard, the Report and Recommendation of Honorable Gary Stein concludes that "BWS has adequately explained how the records will be of use for the Contemplated UAE Proceedings" (ECF 11 at 17-18).

We have been advised by Applicant's UAE counsel that the judgment of the Dubai Court does not preclude Applicant from pursuing its claims against the remaining foreign defendants. Since the contemplated UAE proceedings will be based on the same underlying wrongful scheme, the scope of Applicant's discovery requests, as stated in the § 1782 application, need not be revised. In this regard, the Report and Recommendation confirms that "the entire scope of the Proposed Subpoenas falls within the for-use prong scope," considering, among other things, that Applicant needs to prove the overall fraud scheme (ECF 11 at 19).

Considering that this § 1782 action has been pending for approximately six months and because the contemplated fraud-related UAE proceedings are time-sensitive, Applicant would appreciate this Court's prompt consideration of Applicant's partial objections to the Report and Recommendation (ECF 12).

Respectfully submitted,

Dmitriy Bogorodskiy
Thomas Vandenabeele
*Attorneys for Applicant*