KELLNER HERLIHY GETTY & FRIEDMAN, LLP
470 PARK AVENUE SOUTH, 7th FLOOR
NEW YORK, NEW YORK 10016

DOUGLAS A. KELLNER
CAROL ANNE HERLIHY
EUGENE F. GETTY
ALAN M. FRIEDMAN
JEANNE-MARIE WILLIAMS
THOMAS VANDENABEELE
CHARLES E. KRAUSCHE II
OLGA V. PETROVSKY

DERRICK M.NG
MICHELLE D. BAZINET
JAEMYUNG JAE LEE
MERIELEN DAL RI ZIVIANI°
EDI EBIEFUNG
BRENDAN SULLIVAN
AMAL YENILIEIEVA∝*
JACOB BROOKS*

TELEPHONE: (212) 889-2121
FACSIMILE: (212) 684-6224
tv@khgflaw.com

COUNSEL
MICHAEL H. SINGER
HERMAN D. FARRELL III
NADA ABDELSATER λ
DMITRIY BOGORODSKIY φ

°Admitted in Brazil
λ Admitted in Lebanon
φ Admitted in England and Wales and the Russian Federation
*Admission Pending
∝ Qualified in Ukraine

MEMO ENDORSED

October 23, 2026

*By ECF:*
Hon. Gary Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: In re Application of PT. Bank Woori Saudara Indonesia 1906, Tbk for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, Case No. 25 Misc. 523 (JPC) (GS).

Dear Magistrate Judge Stein:

By the order issued on December 2, 2025, the Court referred this action to the Honorable Gary Stein for general pretrial purposes, including scheduling, discovery, non-dispositive motions, and settlement. ECF 10.

By the order issued on October 16, 2026, the Court adopted the Report and Recommendation issued on February 17, 2026, and overruled Applicant's partial objections. ECF 18. Among other things, the Court required Applicant to serve within thirty days the § 1782 Application, its corresponding materials, the Report and Recommendation, and the Court's Opinion and Order on the current and prospective defendants in the UAE proceedings. In this regard, Applicant respectfully requests clarification regarding the service requirement and the Court's authorization to effectuate the service through alternative means by delivering the documents to the defendants by international mail and email.

Based on the information available to Applicant, all foreign defendants maintain their addresses in the United Arab Emirates (UAE), a country that is not a signatory to the 1965 Hague Service Convention. Applicant, therefore, cannot serve the defendants in the UAE through the conventional service methods under FRCP 4(f) within 30 days, and seeks authorization under FRCP 4(f)(3) to effectuate service "by other means not prohibited by international agreement."

Courts have consistently held that UAE defendants can be served "by other means" under FRCP 4(f)(3). See Berdeaux v. OneCoin Ltd., No. 19-CV-4074 (VEC), 2020 WL 409633, at *1 (S.D.N.Y. Jan. 24, 2020) (holding that Rule 4(f)(3) was applicable to a party located in the UAE, "which is not a signatory to the Hague Convention."). See also CKR L. LLP v. Anderson Invs. Int'l, LLC, 525 F. Supp. 3d 518, 524 (S.D.N.Y. 2021) (confirming that "the Court is not aware of any other international agreement to which Dubai is a party that prohibits service by mail, email, or WhatsApp" and authorizing alternative service on a Dubai resident by email and WhatsApp).

Further, the current defendants in the UAE proceedings, Wonder Star Trading LLC and Bilal Iqbal Merchant, have actively participated in the foreign litigation through their UAE counsel Ali Al Shamsi and Fawzia Al Mulla of Al Shamsi & Partners, whose contacts are known to Applicant. Thus, service on the current defendants' counsel in the UAE will ensure that they are apprised of the pendency of this action.

Therefore, Applicant respectfully requests authorization under FRCP 4(f)(3) to apply the following means of service on the foreign defendants:

1) Mail delivery to the prospective defendants' last known addresses:

   (i) to Infinite Mining and Energy FZE at Plot No. MRT-19, MRT-20, MRT-22, MRT-21A, MRT-21B, Phase 2, Hamriyah Free Zone, Sharjah, United Arab Emirates;

   (ii) to AL Global Energy LLC at Office No. SRT-FLR26-26.01.09, Dubai Trade Centre Company, Dubai, United Arab Emirates;

   (iii) to Manesh Viswambharan, Manager of Infinite Mining and Energy FZE, at Plot No. MRT-19, MRT-20, MRT-22, MRT-21A, MRT-21B, Phase 2, Hamriyah Free Zone, Sharjah, United Arab Emirates; and

(iv) to Nagoormeeran Mahatheer Mohammed, Managing Director of AL Global Energy LLC, at Office No. SRT-FLR26-26.01.09, Dubai Trade Centre Company, Dubai, United Arab Emirates.

2) Email delivery to the prospective defendants' known email addresses:

(i) infiniteenergyfze@gmail.com and info@infinite-energy.me (Defendants Infinite Mining and Energy FZE and Manesh Viswambharan);

(ii) business@algesin.com and algesinsafa@gmail.com (Defendants AL Global Energy LLC and Nagoormeeran Mahatheer Mohammed).

3) Mail and email delivery to the addresses of the current defendants' legal representatives in the UAE proceedings:

(i) to Wonder Star Trading LLC's counsel Ali Al Shamsi (ali.alshamsi@lawuae.com) and Fawzia Al Mulla (Fawzia.mulla@lawuae.com) of Al Shamsi & Partners at Floor 36, Vision Tower, 2 Al Khaleej Al Tejari 1 St, Business Bay, Dubai, United Arab Emirates; and

(ii) to Bilal Iqbal Merchant's counsel Ali Al Shamsi (ali.alshamsi@lawuae.com) and Fawzia Al Mulla (Fawzia.mulla@lawuae.com) of Al Shamsi & Partners Floor 36, Vision Tower, 2 Al Khaleej Al Tejari 1 St, Business Bay, Dubai, United Arab Emirates.

These methods of service are reasonably calculated to apprise the foreign defendants of the pendency of these discovery proceedings and to afford them an opportunity to timely appear and oppose the discovery requests. In a similar Section 1782 proceeding, the district court confirmed that service on foreign defendants in the UAE by mail and email would be proper. See In re Inv. Bank PSC, 567 F. Supp. 3d 449, 452 (S.D.N.Y. 2021) (directing the petitioner "to provide notice to the UAE defendants of the issuance of the subpoenas by means of a postal mail or email address for which there is evidence that the mail or email will likely reach them.")

Respectfully submitted,

Thomas Vandenabeele

Application granted. Applicant is permitted to provide notice to the prospective defendants in the UAE proceedings through mail delivery to the prospective defendants' last-known addresses and email delivery to the prospective defendants' known email addresses. See In re Inv. Bank PSC, 567 F. Supp. 3d 449, 452 (S.D.N.Y. 2021) (directing applicant "to provide notice to the UAE defendants of the issuance of the subpoenas by means of a postal mail or email address for which there is evidence that the mail or email will likely reach them"). Further, Applicant may provide notice to the current defendants in the UAE proceedings through mail and email delivery to the addresses of the defendants' legal representatives. See In re Litasco SA, No. 23 Misc. 354 (AS), 2023 WL 8700957, at *3 (S.D.N.Y. Dec. 15, 2023) (ordering applicant to serve copies of subpoenas and corresponding order to foreign defendants' counsel). Applicant shall file proof of service on the docket by no later than November 23, 2026. SO ORDERED.

Date: October 29, 2026

Gary Stein
United States Magistate Judge
Southern District of New York